NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**TASER INTERNATIONAL, INC.,**
*Plaintiff-Appellee*

**v.**

**PHAZZER ELECTRONICS, INC.,**
*Defendant*

**STEVEN ABBOUD,**
*Sanctioned Party-Appellant*

———————————

2018-2057

———————————

Appeal from the United States District Court for the Middle District of Florida in No. 6:16-cv-00366-PGB-KRS, Judge Paul G. Byron.

———————————

Decided:  July 23, 2019

———————————

STEVEN ABBOUD, Omaha, NE, pro se.

PAMELA BETH PETERSEN, Axon Enterprise, Inc., Scottsdale, AZ, argued for plaintiff-appellee.

———————————

Before O'MALLEY, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

Steven Abboud ("Abboud") appeals from the district court's order granting in part Taser International, Inc.'s motion for contempt. *Taser Int'l, Inc. v. Phazzer Elecs.*, Inc., No. 6:16-cv-366, 2018 U.S. Dist. LEXIS 190783 (M.D. Fla. May 4, 2018). Specifically, the district court held Phazzer Electronics, Inc. ("Phazzer") and Abboud in civil contempt for violating the court's permanent injunction by continuing to sell and offer to sell infringing merchandise. *Id.* at *7. Although the court found both Phazzer and Abboud in civil contempt, it declined to issue any sanctions stemming from that holding. *Id.* at *11. The court explained that, because it had already granted Taser's motion for damages and awarded Taser a total of $7,869,578.74 in damages, fees, and costs from Phazzer, "the issuance of additional monetary sanctions would be punitive as opposed to coercive in nature." *Id.* at *10–11.

On appeal, Abboud argues that the district court erred in holding him in contempt and challenges the propriety of the underlying injunction. In response, Taser argues that: (1) Abboud has not demonstrated standing; and (2) even if the court finds standing, Abboud's appeal fails on the merits. Because we agree with the first point, we need not address the second.

Article III of the Constitution limits the jurisdiction of federal courts to "cases" and "controversies." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). A party invoking federal jurisdiction has the burden to establish: (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) that a favorable decision will likely redress the injury. *Lujan*, 504 U.S. at 560–61. To satisfy the "injury in fact" requirement, a party must demonstrate both that the harm is "concrete and particularized" and that it is "actual or imminent, not 'conjectural' or 'hypothetical.'" *Id.* at 560 (internal citations omitted).

Here, it is undisputed that Abboud is not a party to the district court action. It is also undisputed that Abboud was not sanctioned as a result of the district court's civil contempt finding. Nor is there any judgment against Abboud. Abboud claims to have suffered "substantial harm and irreparable injury." Abboud Br. 8. But despite having multiple opportunities to do so, he has not alleged any particularized injury. Because there is no sanction against him and no injury, Abboud does not have standing to appeal. Accordingly, we dismiss this appeal for lack of standing.

**DISMISSED**